[No. 14631.   Department One.   July 10, 1918.]

ELECTRIC SALES CORPORATION, *Appellant*, v.
COLIN O. RADFORD *et al.*, *Respondents.*[1]

COMPROMISE AND SETTLEMENT—EVIDENCE—SUFFICIENCY. The evidence sustains findings that a compromise and settlement was not binding where the written memorandum shows a misunderstanding and it appears that material misrepresentations were made and relied upon when the compromise was under discussion.

DAMAGES — MEASURE OF DAMAGES — BREACH OF CONTRACT. The measure of damages for breach of a contract to install heating appliances in houses is the actual outlay of the owners made necessary by the failure of the heating system, which was inadequate for the purpose designed, rather than the depreciation in the value of the real property on account of the misrepresentations.

Appeal from a judgment of the superior court for King county, Jurey, J., entered June 19, 1917, in favor of the defendants, in consolidated actions to foreclose mechanics' liens, tried to the court. Affirmed.

*E. L. Skeel* (*Roberts, Wilson & Skeel,* of counsel), for appellant.

*Peterson & Macbride,* for respondents.

FULLERTON, J.—The appellant instituted several actions for the foreclosure of mechanics' liens for the balances due on the installation of electric heating systems in seven different houses owned by the respondents Radford, setting up items aggregating $963.20. These actions were consolidated for purposes of trial.

[1]Reported in 173 Pac. 942.

An affirmative defense was interposed by the respondents in which they averred that, in reliance on the representations of appellant that its electric system would adequately heat the houses at a cost not to exceed ten per cent more than the ordinary coal furnace, they contracted with the appellant for the installation of its electric heating system; that such system was impractical and inadequate and the cost of operating prohibitive; that the apparatus was so defective that it leaked oil, causing damage to the woodwork and furnishings of the houses; that the respondents removed, or caused to be removed, such heating apparatus from all except two of the houses; that the respondents were compelled to replace such apparatus with coal burning furnaces; that they had paid out for wiring necessary for such system the sum of $230; for electric current for its operation, $221.53; for expense of installation on which they are entitled to refunds in the sum of $1,408.40; and that they have suffered general damage, in virtue of the facts set forth, in the sum of $5,000. By way of affirmative reply, the appellant alleged that, on March 16, 1916, it was agreed between the parties that, if appellant would remove the radiators and auto time clocks from four of the dwellings and credit respondents with the sum charged therefor, the respondents would pay the entire balance of the account in full satisfaction and settlement of all claims by either against the other.

On these issues, the cause was tried before the court, who found that there was due from the respondents to the appellant on the various causes of action sums aggregating $878.02, against which the respondents Radford were entitled to credits and damages under their counterclaim in the sum of $882.28; that the claims of each balanced and offset the claims of the other, and that neither party should recover costs. On

such findings the court decreed that the appellant take nothing against the respondents; that the respondents Radford take nothing in virtue of their counterclaims; that each of the liens filed by appellant be canceled and annulled, and the title of respondents Radford and their grantees in each of the properties involved be quieted as against any claim of the appellant.

It is first contended by the appellant that the court erred in failing to give effect to the alleged compromise agreement. It is claimed that, under the agreement, the appellant is entitled to payment in full of its claims against all the houses, with the exception of deductions allowed on the price charged for radiators and auto clocks to be withdrawn from four of the houses, which would leave a balance in appellant's favor of $759.63 after the allowance of all deductions to which the respondents were entitled. But a reading of the evidence convinces us there was not such a meeting of minds concerning it as would make a binding agreement. The written memorandum of the parties, made shortly after the meeting at which the compromise was broached, shows a misunderstanding; and, whether intentionally or not, representations were made by an officer of the appellant concerning the efficiency of the apparatus in certain of the houses which afterwards proved unfounded, the result being that the respondents had to remove the heaters from these houses and install others of a different character. This caused a loss not contemplated when the compromise was under discussion, and we think the court rightly decided the agreement not obligatory.

Respecting the contention as to the insufficiency of the evidence to sustain the court's findings in the matter of offsets to which respondents were entitled by reason of the necessary outlays and damages suffered

by them, we think the evidence shown in the record amply warrants the holding of the trial court.

The appellant further contends that the only measure of damages for breach of a contract to install heating appliances as represented would be the difference between the value of the real property with the defective installation and its value if the appliances had been as represented. The sum allowed by the court was the actual outlay of the respondents made necessary by the failure of the heating system, which had been installed on the representations of the appellant that it was entirely adequate for the purpose designed. We think, under the facts in the case, the rule followed by the court more nearly meets the ends of justice.

The judgment is affirmed.

MAIN, C. J., PARKER, MITCHELL, and TOLMAN, JJ., concur.